# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Frank Betz Associates, Inc.,

        Plaintiff,

vs.

Scenic Homes, Inc., et al.,

        Defendants.

Civil Action No.: 1:08-CV-1216-ODE

---

## PLAINTIFF'S MOTION REQUESTING PRELIMINARY JURY INSTRUCTIONS AND SUPPORTING MEMORANDUM

---

Emmet J. Bondurant
Ga. Bar No.: 66900
Edward B. Krugman
Ga. Bar No.: 429927
BONDURANT, MIXSON & ELMORE, LLP

Troy A. Tessier
Ga. Bar No.: 142096
Rita Bolt Barker
Ga. Bar No.: 141725
Wallace K. Lightsey (Admitted *pro hac vice*)
Frank S. Holleman III (Admitted *pro hac vice*)
WYCHE BURGESS FREEMAN & PARHAM, P.A.

Plaintiff Frank Betz Associates, Inc. ("Betz") respectfully submits this request for certain preliminary instructions to be given in addition to this Court's ordinary preliminary jury instructions, prior to opening statements in this case. Given the complexity of this litigation, the existing rulings by the Court on summary judgment, and the likelihood of certain stipulations concerning gross revenues and expenses earned by the Defendants, Betz believes it is important for the Court to provide these preliminary instructions in order to avoid confusion and allow for the orderly and efficient presentation of evidence at trial.

On March 11, 2010, the Court entered an Order (Doc. No. 129) granting partial summary judgment to Betz and to the Defendants on a number of issues in this case. For these issues, there is nothing left for the jury to consider or decide. Accordingly, Betz believes it will be helpful to all parties and to the jury if the Court provides the preliminary instructions attached as Exhibit A to this motion, or other similar instructions that the Court determines are appropriate, in addition to any standard preliminary instructions that the Court otherwise gives.

## Argument

## 1.  Ownership of Valid Copyrights (Including Creativity/Non-Functionality)

In the Order, the Court ruled as a matter of law that Betz owns valid copyrights in each of its designs at issue in this case.[1]   In deciding this issue, the

---

[1] Order (Doc. No. 129), at 20.

Court also determined as a matter of law that the original, protectible elements of the Betz designs include:

> [T]he original element of these [Betz] home design plans is the arrangement and composition of the space and the placement of the design features. Further, considering the significant degree of detail shown in the copyrighted material for each home design plan, the architectural detail shown in the floor plans and elevation drawings are also protectable aspects of the Betz designs.  [T]he arrangement and composition of space, placement of design features, and architectural detail are embodied in the overall home design plans.[2]

In making this determination, the Court considered and rejected the Defendants' claim that the Betz designs are not valid or original "because they are 'simply standard plans whose arrangements and composition are the natural result of functional, utilitarian, and market-driven factors.'  In other words, Defendants argue that the designs are insufficiently original and non-functional to be awarded copyright protection."[3]

The Court also specifically considered and rejected the evidence offered by James Edwards on originality and validity.  That evidence came in the form of comparative charts purportedly designed to show the Betz designs were not "original" or "valid" or "creative" because "these charts show that the Betz designs are simply a 'kit-of-parts' that can be arranged in multiple yet limited configurations, and that the overall plans are created in response to functional

---

[2] Order (Doc. No. 129), at 29.
[3] Order (Doc. No. 129), at 15-16.

criteria…."[4]  After reviewing this evidence, the Court concluded that those charts "fail to indicate that the Betz designs do not possess the extremely low level of creativity required to support a valid copyright."[5]

The Court also concluded that "the overall arrangement of the plans is non-functional.  Though a house must contain certain components and functionality drives placement decisions to some degree, the numerous differences between the Betz designs illustrate the variety of ways in which designers may group these components."[6]  In this same vein, the Court expressly ruled as a matter of law that the Defendants may not raise a defense based on functionality:

> The Court has held that Betz owns valid copyrights to the twenty-two designs at issue in this case, and that the designs possess the "very minimal" level of originality and creativity required for copyright protection. Defendants' claim that "Plaintiff's designs or drawings are exclusively functional and, therefore, not protected by 17 U.S.C. § 101 et seq." has been foreclosed by this holding, and summary judgment is granted as to this defense.[7]

As the Court has determined, the originality and creativity in the Betz designs is found in the shape, arrangement, proportion, and location of the individual elements of the work as a whole – regardless of whether the standard features standing alone would merit protection.[8]  Additionally, the validity of the

---

[4] Order (Doc. No. 129), at 17.
[5] *Id.*
[6] Order (Doc. No. 129), at 19.
[7] Order (Doc. No. 129), at 32.
[8] Order (Doc. No. 129), at 8-9.

Betz designs "is not invalidated based on the existence of other similar home design plans."[9]

Based on these rulings, it is appropriate for the Court to provide preliminary instructions to avoid confusing the jury on the issues it is to determine in this case. It is especially appropriate because it appears that the Defendants may seek to present evidence at trial to dispute the originality (including creativity and functionality) and validity of the Betz designs.  For example, a review of the proposed deposition excerpts the Defendants have identified for possible use at trial includes excerpts from Frank Betz, Russell Moody, and Mark Hall that were used by the Defendants in their summary judgment arguments and all go to the issue of originality.[10]  Such evidence, along with much of what James Edwards attempts to do, is an attack on the originality, validity, and protectibility of the Betz designs – all issues that have been resolved.

Accordingly, Betz respectfully requests that the Court provide preliminary instructions to clarify what issues have been resolved on summary judgment and what issues remain for trial.

2.      **Access and Independent Creation**

The Court found as a matter of law that Betz has established that the Defendants had access to the Betz designs at issue in this case.   Likewise, the

---

[9] Order (Doc. No. 129), at 17.
[10] First Proposed Amendments to Consolidated Pretrial Order (Doc. No. 153), at 9.

Court found as a matter of law that the Defendants did not independently create the allegedly infringing designs.[11]   The exception is that the Court stated that a few defendants--Scenic Homes Marketing, LLC, Scenic Realty Group, LLC, Melrose Homes, Inc., Silverstreet Properties, LLC, LMB Properties, LLC, and Jimmy Ray-- could still raise independent creation as a defense.[12]   However, the parties have agreed that these defendants are no longer in the case.[13]   Accordingly, the proposed preliminary instruction will clarify what defendants remain in the case and avoid any confusion as to the issues of access or independent creation, as those issues are fully resolved with respect to the remaining parties.

3.   **License and Other Defenses**

In the Order, the Court also granted summary judgment in favor of Betz on several additional defenses originally asserted by the Defendants, including license and the statute of limitations.   The proposed preliminary instruction will help clarify that these issues are resolved and allow for a more efficient presentation of the case at trial.

For all of the foregoing reasons, Betz respectfully requests that the Court provide the proposed preliminary instructions attached as Exhibit A to this motion, or other similar instructions that the Court determines are appropriate.

---

[11] Order (Doc. No. 129), at 22.
[12] Order (Doc. No. 129), at 30-31.
[13] Order (Doc. No. 129), at 32.

Respectfully submitted,

s/ Troy A. Tessier

Troy A. Tessier (Ga. Bar No. 142096)
Rita Bolt Barker (Ga. Bar No. 141725)
Frank S. Holleman III, Admitted *Pro Hac Vice*
Wallace K. Lightsey, Admitted *Pro Hac Vice*

WYCHE BURGESS FREEMAN & PARHAM, P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, SC  29602-0728
Telephone:  864-242-8200
Facsimile:   864-235-8900
E-Mail:     ttessier@wyche.com
            rbarker@wyche.com
            fholleman@wyche.com
            wlightsey@wyche.com


Emmet J. Bondurant (GA Bar No. 066900)
Edward B. Krugman  (GA Bar No. 429927)

BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree Street, N.W., Suite 3900
Atlanta Georgia  30309-3417
Telephone:  404-881-4100
Facsimile:   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
E-Mail:     bondurant@bmelaw.com
            krugman@bmelaw.com

Dated:  August 11, 2010          **ATTORNEYS FOR PLAINTIFF**

7

## **CERTIFICATE OF TYPE LIMITATION**

I, Troy A. Tessier, hereby certify that this Memorandum was prepared with 14 point Times New Roman font, as permitted by Local Rule 5.1 of this Court's Local Rules.

s/ Troy A. Tessier
Troy A. Tessier

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

Frank Betz Associates, Inc.,

                 Plaintiff,

vs.

Scenic Homes, Inc., et al.,

                 Defendants.

Civil Action No.: 1:08-CV-1216-ODE

## CERTIFICATE OF SERVICE

I hereby certify that on August 11, 2010, I electronically filed **PLAINTIFF'S MOTION REQUESTING PRELIMINARY JURY INSTRUCTIONS AND SUPPORTING MEMORANDUM** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Roger S. Sumrall (Ga. Bar No. 4490)
> Sean L. Gill (Ga. Bar No. 153075)
> BENDIN, SUMRALL & LADNER, LLP
> One Midtown Plaza, Suite 800
> Atlanta, Georgia  30309
> rsumrall@bsllaw.net; sgill@bsllaw.net

> Graham E. McDonald (Ga. Bar No. 843090)
> Alexander T. Galloway III (Ga. Bar No. 283051)
> MOORE INGRAM JOHNSON & STEELE, LLP
> Emerson Overlook, 326 Roswell Street
> Marietta, Georgia  30060
> gmcdonald/jijs.com; atg@mijs.com

s/ Troy A. Tessier

Troy A. Tessier (Ga. Bar No. 142096)
Rita Bolt Barker (Ga. Bar No. 141725)
Frank S. Holleman III, Admitted *Pro Hac Vice*
Wallace K. Lightsey, Admitted *Pro Hac Vice*
WYCHE BURGESS FREEMAN & PARHAM, P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, SC  29602-0728
Telephone:  864-242-8200
Facsimile:   864-235-8900
E-Mail:        ttessier@wyche.com;
                   rbarker@wyche.com
                   fholleman@wyche.com
                   wlightsey@wyche.com

Dated:  August 11, 2010          **ATTORNEYS FOR PLAINTIFF**