# EXHIBIT A

**PLAINTIFF'S PROPOSED PRELIMINARY JURY INSTRUCTIONS**

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Frank Betz Associates, Inc., <br><br> Plaintiff, <br><br> vs. <br><br> Scenic Homes, Inc., et al., <br><br> Defendants. | Civil Action No.: 1:08-CV-1216-ODE |

_____

**PLAINTIFF'S PROPOSED
PRELIMINARY JURY INSTRUCTIONS**
_____

**1.   Parties and Architectural Works at Issue**

This is a copyright infringement case involving claims by the Plaintiff, Frank Betz Associates, Inc., that the Defendants infringed certain architectural works of the Plaintiff – specifically, stock home plan designs that are protected by the U.S. Copyright Act.  The Plaintiff alleges that the Defendants marketed, sold, built and/or constructed homes that were copied or otherwise derived from certain home designs that are copyrighted by the Plaintiff.  Since the time this lawsuit was filed, I have resolved certain issues between the parties as a matter of law, which means that you no longer need to decide these issues.  I am providing you these

instructions to help clarify the issues that have been determined as a matter of law or that have been stipulated, along with the issues that remain for you to decide in this case. I will provide you with additional instructions at the close of all the evidence.

The parties that remain in this case are as follows: The Plaintiff is Frank Betz Associates, Inc. Plaintiff creates, designs, produces, distributes, and markets original architectural works and drawings – stock home plan designs. The Defendants are Paul L. Meng, Scenic Homes, Inc., Brookchase Builders, LLC, Crestwood Homes, LLC, Southpoint Homes, LLC, Cane Garden, LLC, Bellwood Homes, LLC, Bridal Homes, LLC, Cedar East Homes, LLC, Creekwood Homes, Inc., Dodson Creek, LLC, Melrose Homes, LLC, Northbridge Homes, LLC, Parkside Residential, LLC, Seasons of Pendergrass, LLC, Southwest Homes, LLC, Tuscan Builders, LLC, and West River Homes, LLC.[1]

All of the Defendants agree that the designs they used that are at issue in this case were provided to them by Scenic Homes, Inc.[2]

---

[1] The parties agree that Betz withdrew its claims against Defendants, Scenic Homes Marketing, LLC, Scenic Realty Group, LLC, Melrose Homes, Inc., Silverstreet Properties, LLC, LMB Properties, LLC, and Jimmy Ray. First Proposed Amendments to Consolidated Pretrial Order (Doc. No. 153), at 2. *See also*, Order (Doc. No. 129), at 11-12.

[2] Order (Doc. No. 129), at 21.

**2.      Copyright Infringement – Background and Elements**

"The Copyright Act protects original works of authorship fixed in a tangible medium of expression, including architectural works.  The 1990 Amendment to the Copyright Act, also known as the Architectural works Copyright Protection Act, added the new protectable category of 'architectural works' defined as:

> [T]he design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings.  The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features."[3]

"Common design features such as the fact that a home has a kitchen or a bedroom are not copyrightable.  However, the 'overall form as well as the arrangement and composition of spaces and elements in the design' are protected."[4]  "The phrase 'arrangement and composition of spaces and elements' recognizes that … creativity in architecture frequently takes the form of a selection, coordination, or arrangement of unprotectible elements into an original, protectible whole[.]"[5]

"[M]odern mass-produced homes are commonly protected by copyright despite the fact that these homes are comprised of standard features.  The originality and creativity in these architectural works is found in the shape,

---

[3] Order (Doc. No. 129), at 8 (citations within the Order omitted).
[4] Order (Doc. No. 129), at 8-9 (citations within the Order omitted).
[5] Order (Doc. No. 129), at 9 (citations within the Order omitted).

arrangement, proportion, and location of the individual elements of the work – regardless of whether the standard features standing alone would merit copyright protection."[6]

"The owner of a copyright has the exclusive right to reproduce the copyrighted work, prepare derivative works, distribute copies of the work, and publicly display the work.  To show infringement of any of these exclusive rights, a plaintiff must demonstrate both '(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original.'"[7]

**3.      Issues Already Determined**

**A. Betz Owns Valid Copyrights.**

To establish ownership of valid copyrights, a plaintiff must show its work is original, which "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity…."[8]  "Copyright law does not require that an architectural design be unique or novel to be worthy of copyright protection."[9]  In this case, I have already concluded that the Plaintiff owns valid copyrights in all of its designs at issue here:

---

[6] *Id.*
[7] Order (Doc. No. 129), at 10 (citations within the Order omitted).
[8] Order (Doc. No. 129), at 16 (citations within the Order omitted).
[9] Order (Doc. No. 129), at 17.

"[T]he overall arrangement of the various components making up these designs shows the required minimal degree of creativity as a matter of law. Though the individual components in each design may not be 'unique' in the sense that they had never before appeared in a home design plan until Betz created them, uniqueness or novelty is not required for a design to receive copyright protection. Rather, each design represents a series of decisions made by a designer regarding placement, dimension, and aesthetics, the culmination of which results in an overall form for the design that is at least minimally creative. …It is therefore the arrangement and composition of space, placement of the design features, and other architectural detail that makes each [Betz] plan original and protectable by copyright."[10]

The Plaintiff has proved it owns valid copyrights in each of the designs at issue here. You do not need to decide this issue.

**B. Defendants Had Access to the Betz Designs.**

In a copyright infringement case, copying may be proved in either of two ways: Either by direct proof of copying or by proving that the defendant had access to the copyrighted work and that the allegedly infringing work is substantially similar to the protectable elements of the copyrighted work.[11]

---

[10] Order (Doc. No. 129), at 19.
[11] Order (Doc. No. 129), at 10, 11, and 22 (citations within the Order omitted).

The standard for proving access is low: a plaintiff needs to show only that the defendant had a "reasonable opportunity to view the copyrighted designs."[12] In this case, the Defendants admit they "had access to the Betz home designs over the Internet or through print publications."[13] Additionally, Defendant Paul Meng agreed that he had five of the Betz designs -- the Gleason, Loren, Berringer, Townsen, and Haverford -- before he started any of the Defendant companies.[14]

I instruct you that I have already found as a matter of law that the Defendants each had access to the Betz designs at issue here. Accordingly, Betz has proven this element of its copyright infringement claim and you do not need to decide this issue.[15]

### C. Defendants Have No License to Use the Betz Designs.

In copyright infringement cases, it is a defense to infringement if the alleged infringer had a license to use the copyrighted work in question. However, in this case it is undisputed that none of the Defendants had a license to use any of the Betz designs at issue, so the defense of license is not available to any of the Defendants.[16]

---

[12] Order (Doc. No. 129), at 22 (citations within the Order omitted).
[13] Order (Doc. No. 129), at 21 (citations within the Order omitted).
[14] Order (Doc. No. 129), at 20-21 (citations within the Order omitted).
[15] Order (Doc. No. 129), at 22.
[16] Order (Doc. No. 129), at 21, 29.

####    D. **Defendants Did Not Independently Create Their Designs.**

In a copyright infringement case, it is a defense to infringement if the alleged infringer can demonstrate that it created the allegedly infringing works independently. However, in this case I have found as a matter of law that the Defendants did not independently create any of the designs at issue in this case. Therefore, the defense of independent creation is unavailable to the Defendants.[17]

**4.    Issues Remaining for the Jury**

####    A. **Copying/Substantial Similarity**

In this case, you are to decide whether the Plaintiff has met its burden of proof that the Defendants copied the Betz designs. In deciding this issue, you should keep in mind that the Plaintiff may prove copying either by direct proof of copying or by proving that the Defendants had access to the copyrighted works and that the allegedly infringing works are substantially similar to the protectable elements of the copyrighted works.[18]

As I already said, Betz has proven that the Defendants had access to the Betz designs. Therefore, you must determine whether Betz has met it burden of proving either direct copying by the Defendants or that the Defendants' designs are substantially similar to the protectable elements of the copyrighted works.

---

[17] Order (Doc. No. 129), at 30-31.
[18] *Supra*, Part 3(B).

I instruct you that the original elements of the Betz home design plans include the arrangement and composition of the space and placement of the design features.[19] Further, considering the significant degree of detail shown in the copyrighted material for each home design plan, the architectural detail shown in the floor plans and elevation drawings are also protectable aspects of the Betz designs.[20] Since the arrangement and composition of space, placement of the design features, and other architectural detail that makes each [Betz] plan original and protectable by copyright are embodied in the overall home design plans, I instruct you that you must compare the overall designs as a whole in determining whether you find them to be substantially similar.[21] It is inappropriate to compare only standard features, standing alone.[22] I will provide further instructions to you on the standard for evaluating substantial similarity at the conclusion of the case.

### B. Individual Liability and Damages

The other issues you may be called upon to decide are whether Paul Meng controlled the other Defendants and damages. There is no need for me to provide you any instructions on these issues at this time. I will provide further instructions on damages as necessary at the conclusion of the case.

---

[19] Order (Doc. No. 129), at 29.
[20] *Id.*
[21] Order (Doc. No. 129), at 19, 29.
[22] Order (Doc. No. 129), at 9 (citations within the Order omitted).