# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Frank Betz Associates, Inc.,

        Plaintiff,

vs.

Scenic Homes, Inc. d/b/a Scenic Homes, *et al.*,

        Defendants.

C.A. No.: 1:08-cv-1216-ODE

---

## TENDER OF JURY INSTRUCTIONS REQUESTED BY PLAINTIFF FRANK BETZ ASSOCIATES, INC.

Plaintiff Frank Betz Associates, Inc. hereby tenders to the Court its proposed final jury instructions numbered 1 to 30 inclusive, and requests the Court to give each of such instructions and to indicate before final argument which of these instructions will be given and which will be refused. Changes to, or additions to, these proposed instructions may be made as proof is entered.

Respectfully submitted,

s/ Troy A. Tessier
_____
Troy A. Tessier (Ga. Bar No. 142096)
Rita Bolt Barker (Ga. Bar No. 141725)

794842.1

1

Frank S. Holleman III, Admitted *Pro Hac Vice*
Wallace K. Lightsey, Admitted *Pro Hac Vice*

WYCHE BURGESS FREEMAN & PARHAM, P.A.
44 East Camperdown Way (29601)
Post Office Box 728
Greenville, SC  29602-0728
Telephone:  864-242-8200
Facsimile:  864-235-8900
E-Mail:        ttessier@wyche.com
                   rbarker@wyche.com
                   fholleman@wyche.com
                   wlightsey@wyche.com


Emmet J. Bondurant (GA Bar No. 066900)
Edward B. Krugman  (GA Bar No. 429927)

BONDURANT, MIXSON & ELMORE, LLP
1201 W. Peachtree Street, N.W., Suite 3900
Atlanta Georgia  30309-3417
Telephone:  404-881-4100
Facsimile:  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
E-Mail:        bondurant@bmelaw.com
                   krugman@bmelaw.com

Dated:  August 23, 2010        **ATTORNEYS FOR PLAINTIFF**

794842.1

2

## PLAINTIFF'S REQUEST FOR CHARGE NO. 1

### Overview of Case

This is a copyright infringement case involving claims by the Plaintiff, Frank Betz Associates, Inc., that the Defendants infringed certain architectural works of the Plaintiff – specifically, stock home plan designs that are protected by the U.S. Copyright Act. The Plaintiff alleges that the Defendants marketed, sold, built and/or constructed homes that were copied or otherwise derived from certain home designs that are copyrighted by the Plaintiff.

To prove that Defendants copied Plaintiff's designs, Plaintiff must show that Defendants had access to Plaintiff's designs, and that Defendants' designs are substantially similar to Plaintiff's designs. I have already determined that Defendants had access to Plaintiff's designs. If you determine that Defendants' designs are substantially similar to Plaintiff's designs, then Plaintiff will have met its burden of showing that Defendants copied Plaintiff's designs.

Although the Defendants contended that they independently created the designs, and that they had licenses to use Plaintiff's designs, I have already ruled that neither of these defenses is available to Defendants.

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 2

<u>Multiple Defendants</u>

There are eighteen Defendants in this case, and the Plaintiff has charged each Defendant with infringing certain copyrights of the Plaintiff.

In order to make these instructions easier to understand, I may sometimes use the singular term "Defendant" in the instructions. However, you should understand that, unless I state otherwise, all of the instructions I will give you govern the case as to each Defendant.

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

794842.1

## PLAINTIFF'S REQUEST FOR CHARGE NO. 3

<u>Copyright Generally</u>

Copyright is the name for the protection that the law extends to an author of an original work against the unauthorized appropriation of that work by others. You are probably accustomed to hearing the word "author" used for writings, but under the copyright law any creator of an original work is referred to as an author. That is the term we use in copyright law for the creator of an original work.

The owner of a copyright generally has the right to exclude any other person from reproducing, distributing, performing, displaying, or using the work covered by copyright, or preparing derivative works from the copyrighted work, for a specific period of time. One who reproduces a copyrighted work or prepares derivative works during the term of the copyright infringes the copyright, unless he has been licensed to do so by the copyright owner.[1]

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 4

### Architectural Works

This case involves technical drawings and architectural works. The term "architectural work" means the design of a building as embodied in any tangible medium of expression, including the building itself, as well as architectural plans or drawings for the building. The work includes the overall form as well as the arrangement and composition of spaces and elements in the design.[2] Protection for an architectural work does not include individual standard features, such as doors or windows, but the particular manner in which an architect has selected, arranged, and combined them along with the other spaces and elements of the design is protectible.[3]
                                                                    •

"Common design features such as the fact that a home has a kitchen or a bedroom are not copyrightable. However, the 'overall form as well as the arrangement and composition of spaces and elements in the design' are protected."[4]   "The phrase 'arrangement and composition of spaces and elements' recognizes that … creativity in architecture frequently takes the form of a selection, coordination, or arrangement of unprotectible elements into an original, protectible whole[.]"[5]

"[M]odern mass-produced homes are commonly protected by copyright despite the fact that these homes are comprised of standard features. The originality and creativity in these architectural works is found in the shape, arrangement, proportion, and location of the individual elements of the work – regardless of whether the standard features standing alone would merit copyright protection."[6]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 5

<u>Copyright Infringement, "Copying"</u>

The Plaintiff contends that the Defendants infringed Plaintiff's copyrights in certain of the Plaintiff's home designs.  Copyright is the exclusive right to copy.  The Plaintiff claims that each of the Defendants' plans at issue in this case is an unauthorized, and therefore unlawful, copy of one or more of the Plaintiff's plans.

As used in these instructions, "copy" or "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal and exact copying through use of a copying machine or line-for-line duplication.[7]  A copyright holder has the exclusive rights to do and authorize others to do the following:  (1) to reproduce the copyrighted work, (2) to prepare derivative works from the copyrighted work, and (3) to sell copies of the copyrighted work or derivative works based on the copyrighted work.[8]  If someone does not own the copyright or have a license from the copyright owner, it constitutes infringement for them to do any of these things with a copyrighted work.[9]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 6

### Copying – Derivative Works

"Copying" includes the use of a copyrighted architectural plan or drawing to create "derivative works".[10]  A "derivative work" means a work "based upon one or more pre-existing works such as a translation, abridgment, condensation, or any other form in which a work may be recast, transformed, or adapted.   A work consisting of editorial revisions, elaborations, or other modifications, which as a whole represents an original work of authorship, is a 'Derivative Work.'"[11]

In other words, "derivative works" are works that are different from but based upon one or more preexisting works.  A modified version of an architectural plan or a house built from such a modified version can be a derivative architectural work.[12]

A copyright owner is entitled to exclude others from creating a derivative work based upon the owner's copyrighted work. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based upon the copyrighted work, this derivative work may also be copyrighted.

The owner of a derivative work may protect and enforce his right to exclude others in a lawsuit seeking monetary damages for copyright infringement, such as this one.[13]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 7

<u>Copying Not Limited to Deposit Copy</u>

The Plaintiff need not prove that the Defendant copied the specific version of the work that is registered and on file at the Copyright Office. For example, copying a floor plan of Plaintiff's copyrighted work in a marketing brochure that is less detailed than the schematic drawing registered and on file at the Copyright Office infringes the copyright.[14]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 8

### Elements of Infringement

To establish infringement of its copyrights in an architectural work, the Plaintiff must prove two things: (1) ownership of a valid copyright; and (2) copying of the house plan or architectural work by the Defendant.[15]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 9

### Originality Not at Issue

To establish ownership of valid copyrights, a plaintiff must show its work is original, which "means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity...."[16]

"[T]he overall arrangement of the various components making up these designs shows the required minimal degree of creativity as a matter of law. Though the individual components in each design may not be 'unique' in the sense that they had never before appeared in a home design plan until Betz created them, uniqueness or novelty is not required for a design to receive copyright protection. Rather, each design represents a series of decisions made by a designer regarding placement, dimension, and aesthetics, the culmination of which results in an overall form for the design that is at least minimally creative. ...It is therefore the arrangement and composition of space, placement of the design features, and other architectural detail that makes each [Betz] plan original and protectable by copyright."[17]

The Court has already determined as a matter of law that the designs of the Plaintiff include original, protected elements.[18]   Therefore, the Plaintiff has met its burden of proof on that issue.

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 10

### Copyright Ownership Not At Issue

In this case, the Court has already determined as a matter of law that the designs of the Plaintiff are protected by copyright and that Plaintiff therefore owns valid copyrights in the plans at issue.[19]  Therefore, the Plaintiff has met its burden of proof on that issue.

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 11

### Proof of Copying

In order to prevail on its copyright claim, the Plaintiff must prove that one or more of the Defendants "copied" one or more of the Plaintiff's architectural works. As I noted before, "copying" is a shorthand reference to any infringement of the copyright holder's exclusive rights, not just literal copying or exact duplication.[20]

Plaintiff may prove copying either by direct proof of copying or by proving that the Defendants had access to the copyrighted works and that the allegedly infringing works are substantially similar to the protectible elements of the copyrighted works.[21]

An example of direct evidence would be an admission of a Defendant's employee or agent that he or she copied Plaintiff's work, or testimony of someone who directed that Plaintiff's work be copied, saw the work being copied, or who was directed to copy the work.

However, proof of that nature is seldom available to a plaintiff in copyright cases. Therefore, circumstantial, or indirect, evidence is often used in copyright cases to show infringement.[22] Circumstantial evidence is proof supporting a logical inference that copying must have taken place.

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

794842.1

13

## PLAINTIFF'S REQUEST FOR CHARGE NO. 12

### Proof of Copying by Circumstantial Evidence

The Plaintiff may use circumstantial evidence to create a presumption of copying by proof showing that Defendants had access to the copyrighted work and that the Defendants' work is substantially similar to the copyrighted work.[23]  In the context of this case, substantial similarity may also be referred to as probative similarity.[24]

Substantial or probative similarity, "in this sense, 'exists where an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.'"[25]

Among the circumstances for you to consider are these issues:

First, did the Defendants or their agents or employees have access to the Plaintiff's plan?

Second, are there similarities between the Defendants' plans and the Plaintiff's?

And third, if there are similarities, are they of such a nature that they probably could not have occurred without copying, or are there other reasonable explanations for the similarities?

These are not the only questions that might arise on this issue.  You may consider any relevant circumstance, that is, any circumstances from which you may draw an inference either that copying has taken place or that copying has not taken place.  The more extensive the similarity and the more it extends to small arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to a coincidence, or the suggestiveness of the subject matter.[26]

If you find, considering all of the circumstances, that it is more likely than not that copying has taken place, then Plaintiff has sustained its burden on that particular issue.[27]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 13

### Access

Access means proof sufficient to show that the Defendants had a reasonable opportunity to view the Plaintiff's plan.[28]  Defendants conceded that they had certain plans in their possession, and they had access to all of Plaintiff's plans over the Internet or through print publications.[29]  In this case, the Court has already determined as a matter of law that the Defendants had access to the Plaintiff's plans.[30]  Therefore, the Plaintiff has met its burden of proof on this issue.

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

794842.1

## PLAINTIFF'S REQUEST FOR CHARGE NO. 14

### Substantial Similarity

On the subject of similarity, if you find similarities between the plans, you must determine whether the similarities would be likely to occur without copying. Certain similarities may be very convincing proof of copying. The more original, unusual, imaginative or arbitrary the material, the less likely that the similarity is a mere coincidence. The more extensive the similarity and the more it extends to small arbitrary details, the more likely as a matter of common sense that it is due to copying, rather than to a coincidence, or the suggestiveness of the subject matter.[31]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

794842.1

17

## PLAINTIFF'S REQUEST FOR CHARGE NO. 15

### Substantial Similarity – Architectural Works

You must determine whether Betz has met it burden of proving either direct copying by the Defendants or that the Defendants' designs are substantially similar to the protectable elements of the copyrighted works.

In assessing substantial similarity, a factfinder applies the "ordinary observer test" and asks "whether an average lay observer would overlook any dissimilarities between the works and would conclude that one was copied from the other." In applying the ordinary observer test, "[g]ood eyes and common sense may be as useful as deep study of reported and unreported cases, which themselves are tied to highly particularized facts." The factfinder must look at the work as a whole without dissection. This entails judging the "total concept and feel" of the structure, and a factfinder must avoid taking a divide and conquer approach in assessing elements of the work.[32]

I instruct you that the original elements of the Betz home design plans include the arrangement and composition of the space and placement of the design features.[33] Further, considering the significant degree of detail shown in the copyrighted material for each home design plan, the architectural detail shown in the floor plans and elevation drawings are also protectable aspects of the Betz designs.[34] Since the arrangement and composition of space, placement of the design features, and other architectural detail that makes each Betz plan original and protectable by copyright are embodied in the overall home design plans, I instruct you that you must compare the overall designs as a whole in determining whether you find them to be substantially similar.[35] It is inappropriate to compare only standard features, standing alone.[36]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 16

### Copying of Non-Essential Details

If you should find that the Defendant's plan contains nonessential details identical to those found in Plaintiff's design, such evidence, if any, is most significant proof of copying and of the absence of original work on the part of the Defendant. Such copying of non-essential details, if any, raises a presumption that other portions of Defendant's designs which are the same as those in the original designs were likewise copied from Plaintiff's design.[37]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 17

### Literal Copying Not Required

"To demonstrate substantial similarity, a Plaintiff need not prove mindless, slavish, or inartful copying.  Rather, substantial similarity exists if, comparing the allegedly infringing work to the copyrighted work, '[the intended audience] would recognize the alleged copy as having been appropriated from the copyrighted work.' "[38]

Thus, substantial similarity does not require that the two works be exact reproductions or nearly identical.[39]  Substantial similarity may be shown by the similarity of the organization or structure of a work.  Copying other original elements of expression in a work may constitute infringement.[40]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

794842.1

20

## PLAINTIFF'S REQUEST FOR CHARGE NO. 18

### Minimal Copying No Excuse

If infringement has occurred, no plagiarist can excuse the wrong by showing that there were parts of the copyrighted work that he did not copy.[41] As long as some original expression has been copied, there is copyright infringement.[42]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

794842.1

# PLAINTIFF'S REQUEST FOR CHARGE NO. 19

## Substantial Similarity – Evaluation of Differences

The existence of differences between the two works will not negate infringement unless they so outweigh similarities that the similarities can only be deemed inconsequential within the total context of the copyrighted work.[43]

You may consider whether the total concept and feel of the works in question are substantially similar.[44] Evaluating expression for substantial similarity should be based on the ordinary observer's overall impression of the two works, not on a detailed comparison of the two works, focusing on individual differences.[45]   "[A]n allegedly infringing work is considered substantially similar to a copyrighted work if 'the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same.'"[46]

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 20

### Inference of Copying from Minor Distinctions

Small distinctions between a copyrighted work and another work may be proof of a studied effort to make minor distinctions between the two works and to appropriate the Plaintiff's design either outright or by frivolous variation. Such an effort, by itself, constitutes compelling evidence of copying.[47]

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 21

### Prima Facie Case

Proof of access, which the Court has already found, plus substantial similarity creates a prima facie case that the Defendants copied the Plaintiff's works. In other words, this evidence is enough for Plaintiff to meet its burden of proof on the issue of copying, and Defendant then has the burden of rebutting Plaintiff's claim by proving that copying did not occur.[48]

In the absence of an explanation by the Defendant adequately accounting for the similarities, you must find that Plaintiff's copyright was infringed.[49]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

# PLAINTIFF'S REQUEST FOR CHARGE NO. 22

## Independent Creation

The Defendant can rebut Plaintiff's evidence of infringement by showing with persuasive evidence that the Defendant's plan was created independently and not copied from or based upon Plaintiff's plan.[50] Independent creation may be proved by showing that the Defendant's works were created without reliance on or reference to Plaintiff's plan.[51]

I have determined that Defendants did not independently create any of the designs at issue in this case.[52]  Therefore, the defense of independent creation is unavailable to the Defendants.

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 23

### Definition of License

A license is a grant of permission from the copyright owner to allow certain uses of a copyrighted work. All rights not transferred by a license are retained by the copyright owner. Copyright licenses are assumed to prohibit any use that is not authorized.[53]

In this case, I have already found that the Defendants did not have any license to use any of the Betz Designs.[54]

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 24

<u>Liability of Defendants</u>

All participants in an infringement are jointly and severally liable.[55] Further, a defendant may be held vicariously liable for an infringement if he or she has the ability to supervise the infringing activity and has a financial interest in that activity.[56]

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

794842.1

27

## PLAINTIFF'S REQUEST FOR CHARGE NO. 25

### Infringers' Profits – Gross Revenue

The law allows a successful Plaintiff to recover all profits of the Defendant resulting from the copyright infringement.[57]   Defendants' profits consist of the amount of money they made from their acts of infringement after deducting the expenses of producing and selling the infringing works.[58]

The Plaintiff in a copyright infringement action need only prove the gross revenues that the Defendants earned from the sale of the infringing product.[59]   In a case, such as this one, involving the alleged infringement of architectural works, the plaintiff need not physically go through each building sold by the defendants and sort through which ones are and are not based on infringing plans; rather, the plaintiff may simply submit the gross revenue shown by the defendants' sales records as coming from the sales of homes built from the allegedly infringing plans.[60]

Upon proof of gross revenues, the burden then shifts to the Defendants to prove what expenses, if any, should be deducted from the gross revenues to establish net profit.[61]

Plaintiff has proven the gross revenues that the Defendants were paid by homeowners to purchase each of the allegedly infringing houses. This evidence satisfies Plaintiff's burden of proving the Defendants' profits.[62]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

# PLAINTIFF'S REQUEST FOR CHARGE NO. 26

## Direct Expenses – Burden of Proof

The Defendants bear the burden of proving the direct expenses they incurred in constructing and selling any infringing houses.[63]  If they fail to prove their direct expenses, you must find the amount of their gross revenues as the amount of their profits.[64]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 27

### Direct Expenses – Manner of Proof

The Defendants must prove that they actually spent such amounts in the creation or selling of the infringing houses, <u>and</u> that such expenditures actually assisted in the creation or sale of the infringing houses.[65]

You should not consider evidence of average or overall profit margins in determining direct expenses.[66] In determining the direct expenses to deduct from gross revenues, you should rely only on evidence of specific expenses actually incurred.[67]

Any doubt as to the amount of the direct expenses or whether they actually assisted the production or sale of a particular house must be resolved against the Defendants and in favor of Plaintiff.[68]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 28

### Proof of Overhead Expenses

Under certain circumstances the Defendants also may deduct from gross revenues certain overhead expenses. The Defendants bear the burden of proving three elements to do this.

First, a Defendant must prove that the overhead expenses it wishes to deduct were actually incurred in the creation, marketing or sale of the infringing house.[69] Stated differently, if the Defendant would have incurred the expenses regardless of whether it developed, marketed or sold the infringing house, you should not include it.[70]

Second, for a category of indirect or overhead expenses to have been incurred in the development, marketing or sales of the infringing house, the Defendant must prove that such category of expenses was of actual assistance in the construction, marketing or sales of the infringing house. If you cannot find, by a preponderance of the evidence, that the Defendant has proven that a category of indirect or overhead expenses actually assisted in the construction, marketing or sales of infringing houses, you should not include it.[71]

Third, the Defendant must proffer a "fair and acceptable formula" for determining how much of the claimed overhead expenses should be allocated to the infringing activity.[72]

If you have any doubts as to the amount of overhead expenses, whether they were actually incurred, whether they actually assisted the construction, marketing or sales of the houses, or whether the Defendant has proffered a fair and acceptable formula for allocating its claimed overhead expenses, you must resolve them in favor of Plaintiff.

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 29

### Apportionment of Infringer's Profits

If you find that a Defendant infringed Plaintiff's copyrights, then Plaintiff is entitled to all of that Defendant's profits resulting from the infringement.[73]

This means that the Defendants may deduct those profits, if any, which resulted from elements of the product that did not infringe the plaintiff's copyrighted work.[74] The Defendants bear the burden of proving, by specific valuation evidence,[75] what portions of their profits on the infringing houses are not attributable to the infringement.[76] To carry this burden, the Defendants must prove what profits were attributable solely to their own efforts, exclusive of any effect of Plaintiff's architectural designs.[77] Moreover, non-infringing factors which are intertwined or interdependent with infringing factors do not qualify for apportionment.[78]

All profits of the Defendants from the construction and sale of infringing houses should be deemed attributable to the infringement unless the Defendants prove by a preponderance of the evidence that they are not. If the Defendants fail to present competent evidence that a portion of their profits was due solely to factors other than the infringement, Plaintiff is entitled to recover all of the Defendants' profits from the infringing houses.[79] If you have any doubts as to the amount of the profits or whether they resulted solely from the Defendants' non-infringing efforts, you must resolve those doubts in favor of Plaintiff.[80]

Accepted _____
Rejected _____
Modified _____
Withdrawn _____

## PLAINTIFF'S REQUEST FOR CHARGE NO. 30

### Uncertainty as to Amount of Damages

Uncertainty as to the amount of damage, if any, does not deprive the Plaintiff of its recovery. It will be sufficient if the evidence shows the extent of the damages as a matter of just and reasonable inference, although the result as to the actual amount of damage is only approximate. A wrongdoer may not complain that the amount of damages caused by his wrongdoing cannot be measured with exactness and precision.[81]

Accepted _____

Rejected _____

Modified _____

Withdrawn _____

## CERTIFICATE OF SERVICE

I hereby certify that on August 23, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>Roger S. Sumrall (Ga. Bar No. 004490)
>Sean L. Gill (Ga. Bar No. 153075)
>BENDIN, SUMRALL & LADNER, LLP
>One Midtown Plaza, Suite 800
>1360 Peachtree Street, NE
>Atlanta, Georgia  30309
>Telephone:   404-671-3100
>E-Mail:      rsummrall@bsllaw.net
>             sgill@bsllaw.net
>**_Attorneys for Defendants_**

*Signature on Following Page*

794842.1

34

                                   s/ Troy A. Tessier
                          Troy A. Tessier (Ga. Bar No. 142096)
                          Rita Bolt Barker (Ga. Bar No. 141725)
                          Frank  S.  Holleman  III,  Admitted  *Pro  Hac
                          Vice*
                          Wallace K. Lightsey, Admitted *Pro Hac Vice*
                          WYCHE BURGESS FREEMAN & PARHAM, P.A.
                          44 East Camperdown Way (29601)
                          Post Office Box 728
                          Greenville, SC  29602-0728
                          Telephone:  864-242-8200
                          Facsimile:   864-235-8900
                          E-Mail:      ttessier@wyche.com
                                       rbarker@wyche.com
                                       fholleman@wyche.com
                                       wlightsey@wyche.com
                          Emmet J. Bondurant (GA Bar No. 066900)
                          Edward B. Krugman  (GA Bar No. 429927)
                          BONDURANT, MIXSON & ELMORE, LLP
                          1201 W. Peachtree Street, N.W., Suite 3900
                          Atlanta Georgia  30309-3417
                          Telephone:  404-881-4100
                          Facsimile:   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
                          E-Mail:      bondurant@bmelaw.com
                                       krugman@bmelaw.com

Dated:  August 23, 2010      **ATTORNEYS FOR PLAINTIFF**

[1]   O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions (Civil)*, § 160.01 at 21 (West 5th ed. 2001); Order of March 11, 2010 at 10 (Doc. No. 129).

[2]   17 U.S.C. § 101.

[3]   *Id; see also Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp.2d 1148, 1166 (S.D. Fla. 2006) (stating that architectural work "includes the overall form as well as the arrangement and composition of spaces and elements in design, but does not include individual standard features"); Order of March 11, 2010 at 19 (Doc. 129) (plaintiff's arrangement and composition of space, placement of the design features, and other architectural detail makes each plan original and protectable by copyright).

[4] Order of March 11, 2010 at 8-9 (Doc. No. 129).

[5] Order of March 11, 2010 at 9 (Doc. No. 129).

[6] Order of March 11, 2010 at 9 (Doc. No. 129).

[7]   *McCaskill v. Ray*, 279 Fed. Appx. 913, 918 (11th Cir. 2008) (stating "the owner of a copyright has the exclusive rights to do and authorize reproduction, prepare derivative works, and distribute copies"); *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 832 (10th Cir. 1993).

[8]   17 U.S.C. § 106; O'Malley, Grenig & Lee, *Federal Jury Practice and Instructions (Civil)* § 160.02 (citing 17 U.S.C. §§ 106, 501; *Stewart v. Abend*, 495 U.S. 207, 220 (1990) (author holds bundle of exclusive rights in copyrighted work, among them the right to copy and the right to incorporate the work into derivative works)); *see also Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 576 (1994).

[9]   17 U.S.C. §§ 106, 501(a).

[10]   *See CMAX/Cleveland, Inc. v. UCR, Inc.*, 804 F. Supp. 337, 356 (M.D. Ga. 1992) (stating that the Defendant "infringed Plaintiff's copyright by violating its exclusive right to prepare derivative works"); *Pickett v. Prince*, 207 F.3d 402, 405-06 (7th Cir. 2000).

[11]   17 U.S.C. §101.

[12]   17 U.S.C. § 101; Order of March 11, 2010 at 16 (Doc. 129) ("[C]ourts have held that derivative works of the same creator, even if they are not independently copyrighted, carry forward all pre-existing copyrights in the original work.").

[13]   *Manual of Model Civil Jury Instruction for the District Courts of the Ninth Circuit*, Instruction No. 20.13 (2001).

[14]   *Donald Frederick Evans v. Continental Homes, Inc.*, 785 F.2d 897, 904-05 (11th Cir. 1986) (depictions of copyrighted floor plans in

794842.1

36

unregistered brochures are protected by copyright laws); *Nat'l Conference of Bar Examiners v. Multistate Legal Studies, Inc.*, 692 F.2d 478, 487 (7th Cir. 1982) ("the Copyright Act, when viewed as a whole, negates the notion that deposit requirements are for the purpose of delineating the scope of a copyright through public disclosure."); *Imperial Homes Corp. v. Lamont*, 458 F.2d 895, 899 (5th Cir 1972).

[15]    Order of March 11, 2010 at 10 (Doc. 129); *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enterprises*, 533 F.3d 1287, 1300 (11th Cir. 2008); *Feist Publ'ns v. Rural Tel. Serv.*, 499 U.S. 340, 345-46 (1991); *Donald Frederick Evans v. Continental Homes, Inc.*, 785 F.2d 897, 903 (11th Cir. 1986); *accord Ale House Mgmt. v. Raleigh Ale House*, 205 F.3d 137, 143 (4th Cir. 2000); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001); *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988).

[16] Order of March 11, 2010 at 16 (Doc. 129).

[17] Order of March 11, 2010 at 19 (Doc. 129).

[18]    Order of March 11, 2010 at 15, 17-19 (Doc. 129).

[19]    Order of March 11, 2010 at 15, 17-19 (Doc. 129).

[20]    *McCaskill v. Ray*, 279 Fed. Appx. 913, 918 (11th Cir. 2008) (stating "the owner of a copyright has the exclusive rights to do and authorize reproduction, prepare derivative works, and distribute copies"); *Gates Rubber Co. v. Bando Chem. Indus.*, 9 F.3d 823, 832 (10th Cir. 1993)..

[21] Order of March 11, 2010 at 10, 11, 22 (Doc. 129); *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enterprises*, 533 F.3d 1287, 1300-01 (11th Cir. 2008).

[22]    *Peter Letterese & Assocs., Inc. v. World Institute of Scientology Enterprises*, 533 F.3d 1287, 1300-01 (11th Cir. 2008); *Baby Buddies, Inc. v. Toys R Us, Inc.*, No. 08-17021, 2010 WL 2853720, at *3 (11th Cir. 2010); *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988).

[23]    *Original Appalachian Artworks, Inc. v. Toyloft, Inc.*, 684 F.2d 821, 829 (11th Cir. 1982); *see also Peel & Co. v. The Rug Mkt.*, 238 F.3d 391, 394 (5th Cir. 2001); *Lyons P'ship, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 801 (4th Cir. 2001); *Towler v. Sayles*, 76 F.3d 579, 581-82 (4th Cir. 1996); *Ale House Mgmt. v. Raleigh Ale House*, 205 F.3d 137, 143 (4th Cir. 2000); *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988).

[24]Order of March 11, 2010 at 29 (Doc. 129).

[25] *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1315 (11th Cir. 2008).

[26]   *See* 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 99.08 (4th Ed. 1987).

[27]   *Metal Morphosis, Inc. v. Acorn Media Publ'g*, 639 F. Supp. 2d 1367, 1375 (N.D. Ga. 2009) ("Having pled the existence of a valid copyright, the Plaintiff must prove coping by a preponderance of the evidence."); *Value Group, Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1233 (D.N.J. 1992) (finding infringement because a side by side comparison of floor plans demonstrated that many of the details of the two designs were the same, such as the placement, design and size of many windows); *Richmond Homes Mgmt. v. Raintree, Inc.*, 862 F. Supp. 1517, 1526 (W.D. Va. 1994) (copyright holder can establish infringement by proving the Defendant copied floor plans); *Kent v. Revere*, No. 84-798-CIV-ORL-18, 1985 WL 6453, at *6 (M.D. Fla. Oct. 28, 1985) (copying floor plans constitutes infringement).

[28]   *Fisher-Price, Inc. v. Well-Made Toy Mfg. Corp.*, 25 F.3d 119, 123 (2d Cir. 1994) *abrogated on other grounds  by Salinger v. Colting*, 607 F.3d 68 (2d Cir. 2010); *Ale House Mgmt. v. Raleigh Ale House*, 205 F.3d 137, 143 (4th Cir. 2000); *see also Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1253 (11th Cir. 2007) ("Access requires proof of a reasonable opportunity to view the work in question.").

[29] Order of March 11, 2010 at 20-22 (Doc. 129).

[30] Order of March 11, 2010 at 22 (Doc. 129) ("the Court holds that summary judgment on the issue of access as to the Betz designs is granted against the Scenic Defendants").

[31]   *See* 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 99.08 (4th Ed. 1987).

[32] *Axelrod & Cherveny Architects v. Winmar Homes*, No. 2:05-cv-711-ENV-ETB, 2007 WL 708798, at *12 (E.D.N.Y. 2007) (internal citations omitted).

[33] Order of March 11, 2010 at 29 (Doc No. 129).

[34] Order of March 11, 2010 at 29 (Doc No. 129).

[35] Order of March 11, 2010 at 19, 29 (Doc No. 129); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1568 (M.D. Fla. 1995); *Richmond Homes Mgmt, Inc. v. Raintree, Inc.*, 862 F. Supp. 1517, 1527 (W.D. Va. 1994); *Value Group, Inc. v. Mendham Lake Estates, L.P.*, 800 F. Supp. 1228, 1232 (D.N.J. 1992).

[36] Order of March 11, 2009 at 9 (Doc. No. 129) (citations within the Order omitted).

794842.1

[37]   2 D. Burton, *Jury Instructions in Intellectual Property Cases*, 40:53:11 (1990) (citing *Roy Export Co. v. Columbia Broadcasting System, Inc.*, 503 F. Supp. 1137 (S.D.N.Y. 1980), *aff'd*, 673 F.2d 1045 (2d Cir. 1982)).

[38]   *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995); *accord Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 829 (11th Cir. 1982); *Arthur Rutenberg Corp. v. Parrino*, 664 F. Supp. 479, 481 (M.D. Fla. 1987).

[39]   *Cornerstone Home Builders, Inc. v. McAllister*, 303 F. Supp. 2d 1317, 1321 (M.D. Fla. 2004); *Arthur Rutenberg Homes, Inc. v.* Maloney, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995); *Value Group v. Mendham Lake Estates*, 800 F. Supp. 1228, 1233 (D.N.J. 1992).

[40]   *Moore v. Columbia Pictures Indust., Inc.*, 972 F.2d 939, 946 (8th Cir. 1992); *Nelson v. PRN Prods., Inc.*, 873 F.2d 1141, 1142 (8th Cir. 1989); *Universal Athletic Sales Co. v. Salkeld*, 511 F.2d 904, 907 (3d Cir.), *cert. denied*, 423 U.S. 863 (1975); 3 Devitt, Blackmar & Wolff, *Federal Jury Practice and Instructions* § 99.08 (4th Ed. 1987).

[41]   *Sheldon v. Metro-Goldwyn Pictures Corp.*, 81 F.2d 49, 56 (2d Cir. 1936), *cert. denied*, 298 U.S. 669 (1936), *quoted with approval in Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287, 1315 (11th Cir. 2008); 3 M. Nimmer, *Nimmer on Copyright* § 13.03[b][1][a] at 13-48 to 13-49.

[42]   *See Rogers v. Koons*, 960 F.2d 301, 308 (2d Cir.), *cert. denied*, 506 U.S. 934 (1992).

[43]   *Durham Indus., Inc. v. Tomy Corp.*, 630 F.2d 905, 913 n.11 (2d Cir. 1980); *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567-68 (M.D. Fla. 1995); *CSM Investors v. Everest Dev.*, 840 F. Supp. 1304, 1312 (D. Minn. 1994); 3 M. Nimmer, *Nimmer on Copyright* § 1303.3[B] at 13-43. *Cf Bateman v. Mnemonics, Inc.*, 79 F.3d 1532, 1544 n.25 (11th Cir. 1996) (stating "[t]wo works need not be identical in order to be deemed 'substantially similar' for copyright purposes").

[44]   *CSM Investors v. Everest Dev.*, 840 F. Supp. 1304, 1312 (D. Minn. 1994); *Digital Commc'ns Assocs., Inc., v. Softklone Distrib. Corp.*, 659 F. Supp. 449, 465 (N.D. Ga. 1987); *Sturdza v. United Arab Emirates*, 281 F.3d 1287, 1296 (D.C. Cir. 2002); *Shine v. Childs*, 382 F. Supp. 2d 602, 610 (S.D.N.Y. 2005) ("total concept and feel" is the dominant standard used to evaluate substantial similarity").

[45]   *Richmond Homes Mgmt. v. Raintree, Inc.*, 862 F. Supp. 1517, 1527 (W.D. Va. 1994); 2 D. Burton, *Jury Instructions in Intellectual Property*

*Cases*, 40:53:11 (1990) (*citing Transgo, Inc. v. Ajac Transmissions Parts Corp.*, 768 F.2d 1001 (9th Cir. 1985)). *Cf Lentek Intern. Inc., v. Sharper Image Corp.*, 164 F. Supp.2d 1302, 1306 (N.D. Fla. 2001) (stating that "in determining whether two items are substantially similar, the finder of fact need not conduct a side-by-side comparison of the two items…[because]…[t]he accused design does not have to be identical to infringe…[r]ather, it is the overall ornamental impression of the two designs, not isolated elements that must be considered.").

[46]    *Shine v. Childs*, 382 F. Supp. 2d 602, 614 (S.D.N.Y. 2005) (*quoting Folio Impressions, Inc. v. Byer California*, 937 F.2d 759, 765 (2d Cir. 1991)).

[47]    *M. Kramer Mfg. Co., Inc. v. Andrews*, 783 F.2d 421, 446 (4th Cir. 1986); *see also Tennessee Fabricating Co. v. Moultrie Mfg. Co.*, 421 F.2d 279, 284 (5th Cir. 1970) ("Infringement is not confined to exact reproduction but includes colorable alterations made to disguise the piracy.").

[48]    *See Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1249 (11th Cir. 1999) (stating that once the plaintiff has demonstrated access and substantial similarity "the burden shifts to the defendant to prove that his/her work was not a copy, but rather was an independent creation"); *Moore v. Columbia Pictures Industs.*, Inc., 972 F.2d 939, 941-42 (8th Cir. 1992).

[49]    2 D. Burton, *Jury Instructions in Intellectual Property Cases*, Appendix C, page C-15 (1983) (citing *Monogram Models v. Industro-Motive Corp.*, CA No. 32089 (E.D. Mich. 1973), *aff'd*, 492 F.2d 1281 (6th Cir. 1974), *cert. denied*, 419 U.S. 843 (1974); *Miller Studio, Inc. v. Pacific Import Co.*, 39 F.R.D. 62 (S.D. N.Y. 1965)).

[50]    *Gund, Inc. v. Russ Berrie and Co., Inc.*, 701 F. Supp. 1013, 1025 (S.D.N.Y. 1988) (citing *Mode Art Jewelers, Co. v. Expansion Jewelry, Ltd.*, 199 U.S.P.Q. (BNA) 329, 340 (S.D.N.Y. 1977)); 3 M. Nimmer, *Nimmer on Copyright* § 13,01[B], at 13-9; § 12.11[D], at 12-85-86 (1988)); *see also Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995) (after plaintiff establishes access and substantial similarity, "[t]he burden shifts to the Defendant to rebut this presumption by *persuasive evidence* of independent creation") (citing *Original Appalachian Artworks, Inc. v. Toy Loft, Inc.* , 684 F.2d 821, 829 (11th Cir. 1982)); *Novelty Textile Mills, Inc. v. Joan Fabrics Corp.*, 558 F.2d 1090, 1092 (2d Cir. 1977); *Original Appalachian Artworks, Inc. v. Toy Loft*, 684 F.2d 821, 829 (11th Cir. 1982); *Keeler Brass Co. v. Continental Brass Co.*, 862 F.2d 1063, 1065 (4th Cir. 1988).

[51]     *Arthur Rutenberg Homes, Inc. v. Maloney*, 891 F. Supp. 1560, 1567 (M.D. Fla. 1995); *Miller v. Universal City Studios, Inc.*, 650 F.2d 1365, 1375 (5th Cir. 1981).

[52] Order of March 11, 2010 at 30-31 (Doc. 129).

[53]     *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1088 (9th Cir. 1989); *PlayMedia Sys.'s, Inc. v. America Online, Inc.*, 171 F. Supp. 2d 1094, 1099 (C.D. Cal. 2001); *see also I.A.E., Inc. v. Shaver*, 74 F.3d 768, 775 n.7 (7th Cir. 1996) ("In its simplest form, a license means only leave to do a thing which the licensor would otherwise have a right to prevent."). *Cf CMAX/Cleveland, Inc. v. UCR, Inc.*, 804 F. Supp. 337  (M.D. Ga. 1992) (licensee infringes owner's copyright if licensee's use exceeds scope of copyright) (citing *S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1087-89 (9th Cir. 1989)).

[54]     Order of March 11, 2010 at 29 (Doc. 129) ("it is undisputed that none of the Scenic Defendants had any license to use any of the Betz designs").

[55] Order of March 11, 2010 at 30 (Doc. 129).

[56] Order of March 11, 2010 at 30 (Doc. 129).

[57]     17 U.S.C. § 504(a).

[58]     17 U.S.C. § 504(b).

[59]     17 U.S.C. § 504(b)

[60] *See Nelson-Salabes, Inc. v. Morningside Dev., LLC*, 284 F.3d 505, 512 n.10 (4th Cir. 2002) (plaintiff need not go through each building in a large development and sort through which ones are and are not based on infringing plans; instead, plaintiff may simply submit the gross revenue from a project that included infringing buildings or elements, and defendants then have burden to exclude non-infringing buildings); *see also* Fed R. Evid. 801(d)(2) (admissibility of admissions by party-opponent).

[61]     17 U.S.C. § 504(b); *Montgomery v. Noga*, 168 F.3d 1282, 1296 (11th Cir. 1999).

[62] *See Associated Residential Design, LLC v. Molotky*, 226 F. Supp. 2d 1251, 1256 (D. Nev. 2002) (total value of infringing building may be considered part of infringing gross revenues and thus recoverable once expenses are deducted).

[63]     17 U.S.C. § 504(b).

[64]     *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1998); *Wilcom Pty. Ltd. v. Endless Visions*, No. 98-71421, 1999 WL 33229745, at * 2 (E.D. Mich. 1999); *Williams v. Arndt*, 626 F. Supp. 571, 582 (D. Mass. 1985).

[65]   *Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359, 1363 (S.D.N.Y. 1991); *see also Wilkie  v. Santly Bros.*, 139 F.2d 264, 265 (2d Cir. 1943) (stating that "[o]verhead which does not assist in the production of the infringement should not be credited to the infringer").

[66]   *Johnson v. Jones*, 149 F.3d 494, 506-07 (6th Cir. 1998).

[67]   *Johnson v. Jones*, 149 F.3d 494, 506-07 (6th Cir. 1998).

[68]   *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 514 (9th Cir. 1985); *Andreas v. Volkswagen of America, Inc.*, 336 F.3d 789, 795 (8th Cir. 2003) (citing *Frank Music Corp. v. MGM, Inc.*, 772 F.2d 505, 514 (9th Cir. 1985)).

[69]   *Konor Enters., Inc. v. Eagle Pub'ns, Inc.*, 878 F.2d 138, 141 (4th Cir. 1989).

[70]   *Taylor v. Meirick*, 712 F.2d 1112, 1121 (7th Cir. 1983); *see also Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 54 (2d Cir. 1939) ("Overhead which does not assist in the production of the infringement should not be credited to the infringer.").

[71]   *Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 516 (9th Cir. 1985).

[72]   *Thomas M. Gilbert Architects, P.C. v. Accent Builders & Developers, LLC*, No. 08-2103, 2010 WL 1804135, at *6 (4th Cir. 2010); *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 60 F. Supp. 2d 544, 550 (E.D. Va. 1999); *Lawton v. Melville Corp.*, 116 F.3d 1472, at *2 (2d Cir. 1997) ("Overhead expenses are an appropriate deduction from the profits of the infringer so long as the infringer proffers [ ] a 'reasonable formula' for allocating a given portion of the overhead to the particular infringing items in issue.").

[73]   17 U.S.C. § 504(b).

[74]   *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 406 (1940); *Walker v. Forbes, Inc.*, 28 F.3d 409 (4th Cir. 1994).

[75]   *Flying J, Inc. v. Cent. CA Kenworth*, 45 Fed. Appx. 763, 765-66 (9th Cir. 2002).

[76]   *Konor Enters., Inc. v. Eagle Publ'ns, Inc.*, 878 F.2d 138, 140 (4th Cir. 1989).

[77]   *Walker v. Forbes, Inc.*, 28 F.3d 409, 414 (4th Cir. 1994); *Rogers v. Koons*, 960 F.2d 301, 313 (2d Cir. 1992).

[78]   *Walker v. Forbes, Inc.*, 28 F.3d 409, 414 (4th Cir. 1994); *Bus. Trends Analysts, Inc. v. Freedonia Group, Inc.*, 887 F.2d 399, 407 (2d Cir. 1989); *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 567 (1985); *Belford, Clarke & Co. v. Scribner*, 144 U.S. 488 (1892); *Callaghan v. Myers*, 128 U.S. 617, 666 (1888).

794842.1

[79]   *Johnson v. Jones*, 149 F.3d 494, 506 (6th Cir. 1999); *Walker v. Forbes, Inc.*, 28 F.3d 409, 414 (4th Cir. 1994).

[80]   *Walker v. Forbes, Inc.*, 28 F.3d 409, 414 (4th Cir. 1994); *Frank Music Corp. v. MGM, Inc.*, 886 F. 2d 1545, 1549 (9th Cir. 1989).

[81] *See* 2 D. Burton, *Jury Instructions in Intellectual Property Cases*, 40:81:41 (1990).