# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FRANK BETZ ASSOCIATES, INC.,

      Plaintiff,

vs.

SCENIC HOMES, INC. d/b/a Scenic Homes, *et al.*,

      Defendants.

**Civil Action File No.
1:08-CV-1216-ODE**

## <u>DEFENDANTS' PROPOSED JURY INSTRUCTIONS</u>

COME NOW, **SCENIC HOMES, INC. d/b/a Scenic Homes, BROOKCHASE BUILDERS, LLC d/b/a Scenic Homes, CRESTWOOD HOMES, LLC d/b/a Scenic Homes, SOUTHPOINT HOMES, LLC d/b/a Scenic Homes, CANE GARDEN, LLC, BELLWOOD HOMES, LLC d/b/a Scenic Homes, BRIDAL HOMES, LLC d/b/a Scenic Homes, CEDAR EAST HOMES, LLC d/b/a Scenic Homes, CREEKWOOD Homes, Inc. d/b/a Scenic Homes, DODSON CREEK, LLC, MELROSE HOMES, INC. d/b/a Scenic Homes, MELROSE HOMES, LLC d/b/a Scenic Homes, NORTHBRIDGE HOMES, LLC d/b/a Scenic Homes, PARKSIDE RESIDENTIAL, LLC d/b/a**

**Scenic Homes, SEASONS OF PENDERGRASS, LLC, SOUTHWEST HOMES, LLC, TUSCAN BUILDERS, LLC, and WEST RIVER HOMES, LLC d/b/a Scenic Homes, and PAUL MENG ("Defendants")[1]**, each named as defendants in the above-styled civil action and submit the following proposed jury instructions.

The following general instructions (Charge Nos. 1-8) are taken from Pattern Civ. Jury Instr. 11th Cir. (2005):

**Charge No. 1** –

**2.2 Consideration of the Evidence—Duty To Follow Instructions—Corporate Party Involved**

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be

---

[1] The Parties previously agreed in the First Amended Proposed Pre-trial Order [Doc. No. 153, ¶ 1] that the following Defendants should be dropped as parties pursuant to Fed. R. Civ. P. 21: Scenic Homes Marketing, LLC, Scenic Realty Group, LLC, Melrose Homes, Inc., Silverstreet Properties, LLC, LMB Properties, LLC, and Jimmy Ray.

dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

*Pattern Civ. Jury Instr. 11th Cir. BI 2.2 (2005)*

**Charge No. 2 –**

**3 Credibility of Witnesses**

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

*Pattern Civ. Jury Instr. 11th Cir. BI 3 (2005)*

**Charge No. 3 –**

**4.1 Impeachment Of Witnesses—Inconsistent Statement**

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Pattern Civ. Jury Instr. 11th Cir. BI 4.1 (2005)*

Charge No. 4 –

## 4.2 Impeachment of Witnesses—Inconsistent Statement

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

*Pattern Civ. Jury Instr. 11th Cir. BI 4.2 (2005)*

**Charge No. 5 –**

**5.1 Expert Witnesses—General Instruction**

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

*Pattern Civ. Jury Instr. 11th Cir. BI 5.1 (2005)*

**Charge No. 6 –**

**6.2 Burden Of Proof—When There Are Multiple Claims or When Both Plaintiff And Defendant Have Burden Of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

*Pattern Civ. Jury Instr. 11th Cir. BI 6.2 (2005)*

**Charge No. 7 –**

**7.1 Duty To Deliberate—When Only The Plaintiff Claims Damages**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.  Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

*Pattern Civ. Jury Instr. 11th Cir. BI 7.1 (2005)*

**Charge No. 8 –**

**8 Election Of Foreperson—Explanation Of Verdict Form(s)**

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

You will take the verdict form to the jury room and when you have reached unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal who will bring it to my attention. I will then respond as promptly as possible, either in writing or by having you returned to the courtroom so that I can address you orally. I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.

*Pattern Civ. Jury Instr. 11th Cir. BI 8 (2005)*

**Charge No. 9 –**

**Allegation Defined**

This is a copyright infringement case involving claims by the Plaintiff, Frank Betz Associates, Inc., that the Defendants infringed certain architectural works of the Plaintiff – specifically, stock home plan designs that are protected by the U.S. Copyright Act.[2]

The Defendants in this case consist of one individual, Paul Meng, and seventeen (17) companies, all of whom are in the business of building and selling residential homes.

The Plaintiff alleges that the Defendants marketed, sold, built and/or constructed homes that were copied or otherwise derived from certain home designs that are copyrighted by the Plaintiff.[3]

I will now proceed to explain the law governing this case and what it is that you must decide.

---

[2] *See Plaintiff's Motion Requesting Preliminary Instructions* [Doc. No. 167-1] at 1.

[3] *Id.*

**Charge No. 10 -**

**Elements of Copyright Infringement Claim**

To succeed on its claims of copyright infringement, Plaintiff must prove the following things:

1. That it owns valid copyrights in the Betz Designs; and

2. That Defendants copied constituent elements of Plaintiff's copyrighted works that are original to Plaintiff.[4]

I have already determined that Plaintiff owns valid copyrights in the subject works, which means that you do not need to consider this issue.

The issue you must first determine is what are the protectable elements of the Betz Designs and whether Defendants copied those protectable elements from Plaintiff's copyrighted works.  I will explain what these terms mean. If you find that Plaintiff has proven that Defendants copied the constituent elements of Plaintiff's copyrighted works that are original to Plaintiff, then you must find for Plaintiff as to that particular work. However, if you find that Plaintiff did not prove that Defendants copied the constituent elements of Plaintiff's copyrighted works that are original to Plaintiff in a particular copyrighted work, then you must find for Defendants.

---

[4] *Order* [Doc. No. 129] at 10 citing Feist Publ'ns, Inc. v. Rural Tel. Serv. Co*.*, 499 U.S. 340, 361 (1991).

**Charge No. 11**

**Protectable Elements**

Plaintiff has valid copyrights for the Designs at issue.  The requisite degree of creativity needed for a valid copyright is extremely low; even a slight amount will suffice.[5]

For architectural works, what is protected is the overall form, as well as the arrangement and composition of spaces and elements within the design.[6]  Common design features such as the fact that a home has a bedroom, a kitchen, front door or a roof are not copyrightable.[7]

Only the original and thus protected arrangement and coordination of spaces, elements and other staple building components should be compared.[8]  The mere fact that a work is copyrighted does not mean that every element of the work may be protected.  Copyright protection extends only to those components of a work

---

[5] Id at 16 citing Feist , 499 U.S. at 345-346.

[6] Id. at 9; 17 U.S.C. 101.

[7] Id. at  8.

[8] Intervest Constr., Inc. v. Canterbury Estate Homes, Inc., 554 F.3d 914  (11th Cir. 2008).

that are original to the author.[9] Thus, you must first determine what is it about the arrangement and coordination of the spaces and elements that Plaintiff claims to be original to it.[10]

To illustrate, after looking at two works, there is no infringement where, say, 90% of one is a copy of the other, but only 15% of the work is protectable expression that has not been copied.[11]

---

[9] <u>Feist</u> at 348.

[10] <u>Intervest Constr., Inc</u>, *supra* (any similarity comparison of the works at issue here must be accomplished at the level of protected expression).

[11] <u>Id.</u> at  920.

**Charge No. 12 -**

**"Thin" Copyrights**

In copyright law, there are three types of works that are entitled to copyright protection – creative, derivative and compiled. Copyrights in these three distinct works are known creative, derivative and compilation copyrights. An example of a creative work is a novel. An example of a derivative work is a screenplay based on a novel; it is called "derivative" because it is based on a preexisting work that has been recast, transformed or adopted.  Examples of compilations are the floor plans at issue in this case. The Copyright Act has created a hierarchy in terms of the protection afforded to these different types of copyrights. A creative work is entitled to the most protection, followed by a derivative work, and finally by a compilation.[12] Compilations are entitled to the least, narrowest or thinnest protection.[13]  Without passing any judgment on whether Defendants did in fact copy Plaintiff's works, the mere fact that a work has been copied does not mean that every element of the work is protected.[14]

_____

[12] Intervest Constr., Inc.., 554 F.3d at, 921, fn 3.

[13] Id. at 921 citing SunTrust Bank v. Houghton Mifflin Co., 268 F.3d 1257, 1271 (11th Cir. 2001); Campbell v. Acuff-Rose Music, Inc., 510 U.S. 569, 586 (1994); Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 563 (1985).

[14] Feist Publ'ng, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 348 (1991).

The Betz Designs are compilation works. As such, the selection, coordination or arrangement of the works are the only portions of the compilation that are entitled to copyright protection.[15] Your similarity comparison of the works at issue here must focus only on the arrangement and coordination of the elements, and not the individual elements common to both works.[16]   Individual standard features such as common windows, doors and other staple building components are ideas and concepts and are not copyrightable.[17]

Whereas with creative works, the requisite degree of similarity that must be shown in order to find an accused infringer liable is "substantial similarity," the standard is higher for compilation works.  I charge you that in this case, Defendants cannot be found liable unless you determine that "supersubstantial" similarity exists.[18]  "Supersubstantial" similarity is sometimes referred to as virtual

---

[15] Feist supra; Bellsouth Advert. & Pub'g Corp. v. Donnelley Info. Publ'g Inc., 999 F.2d 1436, (11th Cir. 1993) (*en banc*) and Oravec v. Sunny Isles Luxury Ventures, L.C., 527 F.3d 1218 (11th Cir. 2008).

[16] Intervest , 554 F.3d at 919.

[17] H.R. Rep. No. 101-735 (1990); Corwin v. Walt Disney Co., 475 F.3d 1239, 1251 (11th Cir. 2007).

[18] 4 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright*, § 13.03[A] at 13-28 (1997); TransWestern Publ'g Co. LP v. Multimedia Mktg. Assocs., 133 F.3d 773 (10th Cir. 1998).

identity.[19]  Because the Betz designs are protected by thin copyrights, it would be

appropriate to consider the ways, if any, that the plans are dissimilar.[20].

One work does not violate the copyright in another simply because there is

similarity between the two if the similarity results from the fact that both works

deal with the same subject or have the same common public domain source.[21] In

reaching your decision, you may draw upon your experience and knowledge of the

existing public domain material as it relates to non custom residential houses.[22]

---

[19] Apple Computer, Inc. v. Microsoft Corp., 35 F.3d 1435, 1439 (9th Cir. 1994);
Wood v. Cendant Corp, 2006 U.S. Dist. LEXIS 18899 at * 34 (D.C. Okla. 2006)
(concluding that the Tenth Circuit equates supersubstantial similarity with virtual
identity); Landsberg v. Scrabble Crossword Game Players, Inc., 736 F.2d 485, 488
(9th Cir. 1984) (similarity of expression may have to amount to verbatim
reproduction or very close paraphrasing before a factual work will be deemed
infringed), cert. denied, 469 U.S. 1037 (1984).

[20] Intervest at 914 (finding no error in district court's focusing upon certain
dissimilarities between the two floor-plans in entering summary judgment in favor
of accused infringer).

[21] Dorsey v. Old Sur. Life Ins. Co., 98 F.2d 872, 873 (10th Cir. 1938) (one work
does not violate the copyright in another simply because there is similarity between
the two if the similarity results from the fact that both works deal with the same
subject or have the same common source);  Selle v. Gibb, 741 F.2d 896 (7th Cir.
1984) (stating that two works may be identical in every detail, but if alleged
infringer created the accused work independently or both works were copied from
a common source in the public domain, then there is no infringement).

[22] Id; *Patry on Copyright, § 3:108*

**Charge No. 13 -**

**Copying**

As I stated earlier, to succeed on its claims of copyright infringement, Plaintiff must prove the following things: 1) that it owns valid copyrights in the Betz Designs; and 2) that Defendants copied constituent elements of Plaintiff's copyrighted works that are original to Plaintiff.

With respect to the second element, Plaintiff must prove that Defendants copied the protected expression in its work. This entails proof of both factual and legal copying, that is: 1) whether the defendants, as a factual matter, copied portions of the plaintiff's work; and 2) whether those elements of the copyrighted work that have been copied are protected expression and of such importance to the copied work that the appropriation is actionable.[23]

---

[23] Peter Letterese & Assoc., Inc. v. World Institute of Scientology Enterprises, 533 F.3d 1287, 1300 (11th Cir. 2008); Mitek Holdings, Inc. v. Arce Eng'g, Inc. 89 F.3d 1548, 1554 (11th Cir. 1996); Calhoun v. Lillenas Publ'g, 298 F.3d 1228, 1232 (11th Cir. 2002); Leigh v. Warner Bros. Inc., 212 F.3d 1210, 1214 (11th Cir. 2000); Oravec v. Sunny Isle Luxury Ventures, L.C., 527 F.3d 1218 (11th Cir. 2008).

**Charge No. 14 –**

**Factual Copying**

There are two ways to prove factual copying. First, there is direct proof of copying.  Second, in the absence of direct proof, factual copying may be inferred from circumstantial evidence, either through establishing that the works are strikingly similar; or through proof of access to the copyrighted work and probative similarity.[24]

In this case, I have already determined that Defendants had a reasonable opportunity to view Plaintiff's works, and therefore, you should consider whether probative similarity exists between the works. Probative similarity, in a sense, exists where an average lay observer would recognize the alleged copy as having been appropriated from the copyrighted work.[25] This analysis considers the work as a whole.[26]

In comparing Plaintiff's designs with those used by Defendants, if you determine that no probative similarity exists, you must end your deliberations and

---

[24] Order at 10-11.

[25] Peter Letterese, 533 F.3d at 1301 n. 16.

[26] Herzog v. Castle Rock Entertainment, 193 F.3d 1241, 1257 (11th  Cir. 1999); Beal v. Paramount Pictures Corp., 20 F.3d 454, 460 (11th Cir. 1994).

return a verdict in favor of Defendants as to each design where you so determined. If you determine that probative similarity does exists for any given plan, the next step is to determine whether what Defendants copied from Plaintiff's work is protectable and if so, whether they are supersubstantially similar or virtually identical.

It is only the original arrangement and coordination of spaces, elements and other staple building components that are protected, and thus should be considered. Not all copying constitutes infringement, and I emphasize that your similarity analysis must focus on similarity of what is actually protectable.[27] Again, to illustrate, after looking at two works, there is no infringement where, say, 90% of one is a copy of the other, but only 15% of the work is protectable expression that has not been copied.[28]

_____

[27] <u>Feist</u>, 499 U.S. at 361; <u>Beal</u>, 20 F.3d at 459, n. 4; see also <u>Leigh</u> , 212 F.3d at 1214 (stating that a copyright plaintiff "must establish specifically that the allegedly infringing work is substantially similar to the plaintiff's work with regard to its protected elements").

[28] <u>Interwest</u> at 920.

**Charge No. 15 -**

**Vicarious Infringement, Direct Individual Liability of Paul Meng**

Plaintiff claims that Defendant Paul Meng, individually, is directly and vicariously liable for the alleged infringement committed by the various companies.  To succeed on this claim, Plaintiff must prove the following things:

1. That Defendants infringed Plaintiff's copyright, as defined in instructions I have already given you;

2. Defendant Meng profited from the infringement by the other Defendants; and

3. Defendant Meng had the right and ability to stop or limit the infringement by the other Defendants but failed to do so.[29]

If you find that Plaintiff has proved each of these things, then you must find for Plaintiff. However, if you find that Plaintiff did not prove each of these things, then you must find for Defendant.

---

[29] MGM Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 930-31 (2005) (A party infringes vicariously by profiting from direct infringement while declining to exercise a right to stop or limit it).

**Charge No. 16 -**

**Damages – General**

If you find that Plaintiff has proven that Defendants have infringed any of Plaintiff's copyright, then you must determine the amount of damages, if any, Plaintiff is entitled to recover. If you find that Plaintiff has failed to prove the claim, then you will not consider the question of damages. Plaintiff must prove damages by a preponderance of evidence.

The law allows Plaintiff to recover statutory damages. Alternatively, the law also permits Plaintiff to recover actual damages in the form of lost profits, which in this case, would have been revenue from the sale of licenses to use its plans. In addition to actual damages, Plaintiff is entitled to recover the profits earned by the Defendants that are attributable to the infringement.[30]   In this case, Plaintiff has elected to not to seek statutory damages. Plaintiff has also elected not to seek actual damages in the form of loss profits it would have made on the sale of licenses for the Betz Designs.  Instead, Plaintiff has elected to seek recovery of damages in the form of profits earned by the Defendants from the construction and sale of houses built from the allegedly infringing plans in this case.[31]

---

[30] 17 U.S.C. 504.

[31] Pre-trial Order ¶ 17.

In the event that Plaintiff elects to recover an alternative form of damages, I will provide you with additional instructions.

**Charge No. 17 -**

**Damages – Defendants' Profits**

Plaintiff is entitled to recover the profits of the Defendants, but only those profits that are attributable to the infringement.[32]   Stated another way, Plaintiff is not entitled to profits attributable to factors other than the copyrighted work itself.[33] In this case, we are dealing with the sale of residential homes. Plaintiff need only prove Defendant's gross revenues, which in this case, would be the sale price of any particular house built from one of the accused designs.

Defendants must then prove any expenses incurred in earning the revenue, which in this case would be the costs associated with constructing the houses, as well as any other overhead and additional expenses in order to arrive at a profit figure.[34]

In this case, the Parties have reached stipulations concerning these numbers. In reaching these stipulations, the Parties disagree on whether certain calculations are appropriate. Plaintiff has identified approximately 2,400 houses for which they seek recovery of Defendants' profits. Defendants have provided cost data for

---

[32] See generally 17 U.S.C. §504(b).

[33] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 404-405 (1940); Montgomery v. Noga, 168 F.3d 1282, 1296 (11th Cir. 1999).

[34] Id. at fn 27.

approximately 2,100 of these houses.  Defendants seek to apply an average net margin percentage for those houses for which no cost data was provided.  The Parties have agreed as to what the number would be using an average net margin. If you find that this average net margin percentage is reasonable and should be applied,[35] you should so indicate on the verdict form.  You will not need to perform any calculations in this regard.

Also, Defendants seek to have the losses realized on the sale of any particular house included in determining their overall profitability. You should also determine whether it is appropriate to include these losses. The Parties have also reached a stipulation as to what the profit figure would be under this scenario. You will not need to perform any calculations in this regard.

---

[35] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 404-405 (1940).

**Charge No. 18 -**

**Damages – Apportionment of Profits**

As I instructed earlier, where a plaintiff elects to recover profits earned by the Defendants, the plaintiff can only recover those profits that are attributable to the infringement.[36]   In awarding Plaintiff any of Defendants' profits, the amount you must start with is the number that was stipulated to by the Parties depending on what you decided with respect to the issue of using an average margin and including losses. Your award to Plaintiff of any of Defendants' profits cannot exceed this number.  However, you must also determine whether Defendants are entitled to an apportionment of their profits because Plaintiff is not entitled to elements of profits attributable to factors other than its copyrighted work.[37]

Apportionment of Defendants' profits is required as a matter of law if it is shown that at least some of their profits are "not the natural and probable consequence of the infringement alone, but are also the result of other factors

---

[36] 17 U.S.C. 504.

[37] Sheldon v. Metro-Goldwyn Pictures Corp., 309 U.S. 390, 404-405 (1940); Montgomery v. Noga, 168 F.3d 1282, 1296 (11th Cir. 1999).

which either add intrinsic value to the product or have independent promotional value."[38]

A non-exhaustive list of non-infringing factors include efforts to:   (1) coordinate logistics; (2) supervise subcontractors; (3) choose and install various amenities; (4) market the residences; (5) sell the residences, (6) alter the original plans to conform with varying building requirements; (7) create subsequent and more detailed plans.   Other non-infringing factors include price, quality, and breadth of service" offered by Defendants, customer loyalty and level of customer satisfaction, and the "management skill" or "capital investment" contributed to the success of a product.[39]

Apportionment does not need to be done with mathematical exactness; instead a reasonably approximate showing of the amount that should be apportioned is all that is required.[40]   Based on the evidence presented during this trial, you should quantify, to the best of your ability, what portion, if any, of

[38] John G. Danielson, Inc. v. Winchester-Conant Prop., Inc. 322 F.3d 26, 48 (1st Cir. 2003); Data General Corp. v. Grumman Sys. Support Corp., 36 F.3d 1147, 1175 (1st Cir. 1994); William Hablinski Architecture v. Amir Const., Inc., 332 Fed. Appx. 363 (9th Cir. 2009).

[39] John G. Danielson, Inc., 322 F.3d at 48; Bonner v. Dawson, 404 F.3d 290, 295 (4th Cir. 2005); Data General, 36 F.3d at 1172; USM Corp. v. Marson Fastener Corp., 467 N.E.2d 1271, 1277 (Mass. 1984).

[40] John G. Danielson, Inc., 322 F.3d at 47; Sheldon, 309 U.S. at 404

Defendants' profits are the result of non-infringing factors such as the ones I have provided.  Once you quantify that percentage, you should write that amount on your verdict form where indicated.  You will not need to perform any calculations in this regard either.

WHEREFORE, Defendants respectfully request that the Court issue Defendants' Proposed Jury Instructions No. 1-18.

Respectfully submitted this 23rd day of August, 2010.

BENDIN SUMRALL & LADNER, LLC

*/s/ Sean L. Gill*

_____

ROGER S. SUMRALL
Georgia Bar Number 004490
SEAN L. GILL
Georgia Bar Number 153075
One Midtown Plaza, Suite 800
1360 Peachtree Street, N.E.
Atlanta, Georgia 30309
404-671-3100 Main
404-671-3080 Fax
RSumrall@bsllaw.net
SGill@bsllaw.net

**Attorneys for Defendants**

I certify that pursuant to Local Rules 5.1(C)(3) and 7.1(D) this brief has been prepared using Times New Roman font, at 14 point, and that the top margin is 1.5 inches, and the left margin is 1 inch.

/s/ Sean L. Gill
SEAN L. GILL

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FRANK BETZ ASSOCIATES, INC.,

     Plaintiff,

vs.

SCENIC HOMES, INC. d/b/a Scenic Homes,
*et al.*,

     Defendants.

**Civil Action File No.
1:08-CV-1216-ODE**

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day served a copy of the within and foregoing **DEFENDANTS' PROPOSED JURY INSTRUCTIONS NOS. 1-18** upon all parties to this matter by electronically filing a copy of the same with the Clerk of Court using the CM/ECF filing system which will automatically send notice to the attorney(s) of record.

Respectfully submitted this 23rd  day of August, 2010.

*/s/ Sean L. Gill*
_____
SEAN L. GILL
Georgia Bar Number 153075